UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUNE MARQUEE LARUN BUSH,

     Plaintiff,

v.                        Case No:   2:18-cv-822-FtM-29NPM

POPEYES CHICKEN, on Palm
Beach Blvd. in Fort Myers,

     Defendant.

_____

### REPORT AND RECOMMENDATION

This matter comes before the Court on *sua sponte* review of the Court's July 19, 2019 Order requiring Plaintiff to show cause why her case should not be dismissed for failing to comply with the Court's January 14, 2019 Order.   (Doc. 9).   In the January 14, 2019 Order, Plaintiff was allowed until February 4, 2019 to submit a completed Affidavit of Indigency and a certified copy of her trust account.   (Doc. 6).   Plaintiff has failed to comply with both the Order directing her to submit the necessary documents to determine whether she satisfies the financial requirements to proceed *in forma pauperis* and the Order to Show Cause.   The Court warned Plaintiff that her failure to comply with the Order to Show Cause would result in a recommendation that the matter be dismissed. (Doc. 9).

Courts "have inherent power to impose sanctions on parties, lawyers, or both."   *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006).   The use of sanctions "requires a finding of bad faith after the party is afforded a due process opportunity to be heard."   *Boler v. Space Gateway Support Co. LLC*, 290 F.Supp. 2d 1272, 1278 (M.D. Fla. May 29, 2003).   A Court may find bad faith if a party delays litigation or fails to comply

with a court order.   *See In re Sunshine Jr. Stores*, 456 F.3d at 1304 (finding that a bankruptcy court properly invoked its inherent power to sanction the party when the party repeatedly failed to respond to court orders).   "Upon appropriate circumstances, it is within a Court's discretion to . . . dismiss a lawsuit for actions taken in bad faith."   *Id.* at 1305.   While drastic sanctions, like the dismissal of a plaintiff's complaint, should be a Court's final resort, this sanction is appropriate "when less drastic sanctions would not ensure compliance with the Court's orders."   *Id.* at 1306.

The Court has extended Plaintiff an opportunity to comply with its directives. (Doc. 9).   And, despite the Court's warning that non-compliance would result in a recommendation that her Amended Complaint be dismissed, Plaintiff failed to comply with this Court's instructions.   (*Id.*)

Accordingly, it is respectfully **RECOMMENDED:**

Plaintiff's Amended Complaint (Doc. 4) be dismissed.

**DONE** and **ORDERED** in Fort Myers, Florida on September 6, 2019.

*Nicholas P. Mizell*

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties